Argued August 23, affirmed September 12, 1977

In the Matter of Robert Edward Carney, a child.
STATE ex rel JUVENILE DEPARTMENT
OF LINCOLN COUNTY, *Respondent,*
*v.*
CARNEY, *Appellant.*
(No. J-1587, CA 8193)
569 P2d 30

Jeff Waarvick, Newport, argued the cause and filed the brief for appellant.

Kathleen Dahlin, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The appellant-juvenile, aged 17, appeals from an order remanding him to adult court. There is ample evidence to warrant his remand, assuming we can consider hearsay which took the form of testimony by a Lincoln County juvenile worker reporting telephone conversations he had with a counselor-placement official with the Job Corps, and a state of Washington juvenile probation officer.

The juvenile concedes that in *State ex rel Juv. Dept. v. Johnson,* 11 Or App 313, 501 P2d 1011 (1972), Sup Ct *review denied* (1973), we held that a remand hearing is a dispositional hearing and that ORS 419.500(2)[1] is applicable, but contends we should narrow that holding to provide that hearsay shall not be admitted in remand hearings unless good cause is shown why the speaker cannot be present. We decline to do so.

Such a rule would effectively contravene the purpose of the statute, because it would in effect say that evidence which might be inherently untrustworthy would nevertheless be admitted if a person were unavailable to appear as a witness but that trustworthy evidence would be barred if it was possible to produce the source of the evidence in court.

The weight to be given a witness's testimony is an individual judgment as to credibility. There is nothing inherently untrustworthy about a juvenile caseworker and the juvenile here offers no facts which would support a finding of untrustworthiness. While we review de novo, we give great deference on issues of credibility to the person who saw and heard the witness. It is apparent from the record that the trial judge believed that the Lincoln County juvenile work-

---

[1]    "For the purpose of determining proper disposition of the child, testimony, reports or other material relating to the child's mental, physical and social history and prognosis may be received by the court without regard to their competency or relevancy under the rules of evidence." ORS 419.500(2).

er who testified was accurately reporting his conversations. And there is nothing about the nature of the evidence thus adduced that indicates that the evidence would have been different had the individuals involved in the conversations been present in the courtroom for cross-examination.

Affirmed.